## APPEAL OF JOHN E. LONERGAN.

Docket No. 6441. Decided September 30, 1926.

1. Loss upon sale of stock allowed.
2. March 1, 1913, value of certain buildings determined.

*R. Kemp Slaughter, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the Commissioner.

This appeal involves a deficiency in income tax for the calendar year 1918 in the amount of $6,991.37, arising in part from the disallowance by the Commissioner of an alleged loss of $22,572 upon the sale of certain stock, and of a deduction claimed for exhaustion, wear and tear of certain rental property.

### FINDINGS OF FACT.

The petitioner is a resident of Philadelphia, Pa. During the period from October 6, 1906, to February 14, 1914, he purchased 144 shares of the California Vineyards Co. at $100 a share, and the market value of such stock on March 1, 1913, was equal to the amount paid therefor. Between July 6, 1914, and November 6, 1915, he purchased 84 shares of the stock of this corporation for which he paid $100 a share, making a total of 228 shares costing $22,800. He had been a director of the company for several years prior to 1914. In that year he became president and has since occupied that position. Up to 1914 the company had operated at a profit, but due to crop failures in that and subsequent years the company became heavily indebted, and, in addition, suffered losses as follows:

| Year | Amount |
|------|--------|
| 1914 | $14,772.12 |
| 1915 | 17,036.78 |
| 1916 | 4,478.93 |
| 1917 | 2,669.78 |
| 1918 | 28,552.53 |

In 1919 conditions improved and the company's operations showed a profit, with the result that a considerable amount of this indebtedness was paid off. In 1922 and subsequent years the company sustained operating losses.

Some time prior to December 2, 1918, the petitioner realizing that the stock which he owned in the company had greatly declined in value, and having in mind the taking of a loss in his individual income-tax return for that year, began looking for a purchaser. In this connection he consulted the accountant whom he had for several years regularly employed to audit his books and to prepare his returns, and was advised that it would be necessary for him to make a sale of the stock in order to take a loss. The petitioner stated to him that he would be willing to sell the stock for a nominal amount, and the accountant gave him the name of one Frank M. Speakman as a prospective purchaser. The petitioner did not know Speakman, and, although he was a partner of the accountant employed by the petitioner, the petitioner did not know this fact. The petitioner called to see Speakman and offered to sell him 228 shares of the California Vineyards Co. stock at $1 a share. Speakman accepted said offer and purchased said stock at that price, and on December 2, 1918, it was forthwith transferred to him upon the books of the company. The offer of the petitioner to sell the stock and the purchase thereof by Speakman was *bona fide* and without any agreement or understanding between the parties to the transaction that the stock would be repurchased by Lonergan.

In May, 1922, petitioner became desirous of acquiring additional stock of the California Vineyards Co., and upon inquiry he found

that Speakman was still the owner of the stock which he had sold him in December, 1918, whereupon he made an offer to Speakman to purchase the 228 shares for $1 a share. This offer was accepted by Speakman and petitioner paid him $228, whereupon the stock was transferred to petitioner upon the books of the company.

During the year 1918 the petitioner was the owner of certain dwelling houses in the City of Philadelphia which were acquired for rental purposes. These houses were purchased on the dates, at the cost, and had, on March 1, 1913, a fair market price or value, as follows:

| Property. | Date acquired. | Age. | Cost. | March 1, 1913. | Remaining life on March 1, 1913. |
|---|---|---|---|---|---|
| 3960 Reno Street | 1902 | New | $2,300 | $1,500 | 23 years. |
| 3962 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3964 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3966 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3968 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3970 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3972 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3974 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3961 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3963 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3965 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3967 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3969 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3971 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3973 Reno Street | 1902 | do | 2,300 | 1,500 | Do. |
| 3918 Olive Street | 1900 | 5 years | 2,200 | 1,500 | Do. |
| 3920 Olive Street | 1900 | do | 2,200 | 1,500 | Do. |
| 3922 Olive Street | 1900 | do | 2,200 | 1,500 | Do. |
| 3924 Olive Street | 1900 | do | 2,200 | 1,500 | Do. |
| 3927 Aspen Street | 1895 | New | 3,000 | 2,300 | Do. |
| 4213 Otter Street | 1900 | do | 3,500 | 2,800 | Do. |
| 865 North Fortieth Street | 1901 | 5 years | 5,800 | 3,500 | 21 years. |
| 867 North Fortieth Street | 1905 | 8 years | 3,500 | 2,000 | Do. |
| 668 North Thirty-ninth Street | 1905 | 5 years | 3,500 | 2,000 | Do. |
| 705 North Thirty-ninth Street | 1895 | 8 years | 2,600 | 1,500 | Do. |
| 737 North Thirty-eighth Street | 1895 | 10 years | 2,600 | 1,500 | Do. |
| 3838 Baring Street | 1898 | 8 years | 4,500 | 3,000 | Do. |
| 3975 Reno Street | 1905 | New | 1,900 | 900 | Do. |
| 5338 Girard Street | 1910 | 3 years | 7,500 | 6,000 | 25 years. |

OPINION.

LITTLETON: All of the evidence in this appeal relative to the sale in 1918 of the stock of the California Vineyards Co. shows that the sale was *bona fide* and without any reservation or understanding between the seller and the purchaser that the stock would be repurchased, or that Speakman should not sell or dispose of it in any way he might desire. Testimony to this effect is uncontradicted. The petitioner testified fully concerning the transaction and was subjected to rigid cross examination. His entire testimony is consistent with the theory that he parted absolutely with all control over the stock and that the sale was *bona fide*. James C. Burns, the petitioner's accountant, who had prepared his returns and who advised the petitioner that it would be necessary for him to make a sale of the stock in order to take a loss, and who gave to the petitioner the name of Frank M. Speakman as a prospective purchaser, was called as a witness by the Commissioner, but he was not questioned concerning this

transaction. To hold that petitioner is not entitled to the loss claimed would be equivalent to saying that the sale was a pretended one and therefore a fraud upon the revenue such as would subject petitioner to the penalty for filing a false and fraudulent return. The record does not, in our opinion, justify such a conclusion and the loss claimed should be allowed.

From the evidence submitted we have determined the fair market value on March 1, 1913, of the various buildings owned by petitioner and their remaining useful life on that date, and the deduction for exhaustion, wear and tear of such buildings during the taxable year should be computed in accordance with such determination.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*